**YORAM NACHIMOVSKY PLLC**
225 BROADWAY, SUITE 2018
NEW YORK, NEW YORK 10007
212-267-1157
YNLAW@YNLAWPLLC.COM

June 5, 2025

**Hon. U.S. District Judge John P. Cronan**
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**By ECF and Email**

      RE:    **Korenblit, et al., v. United Airlines, Inc., et al., Civil Action No.: 1:25-cv-4288**

Dear Judge Cronan,

      I represent the Plaintiffs in the above entitled action which was filed in New York Supreme Court on April 23, 2025, and removed by Counsel for United on May 21, 2025. On May 28, 2025, a Letter Motion Request Leave to File a Motion to Dismiss ("the Letter Motion") was filed by United, and we file this letter in opposition.

      The Letter Motion raises concerns about the three causes of action contained within the Complaint, and I will address all three in order below. Initially, however, I will be requesting leave to file an Amended Complaint and anticipate doing so within one week of this letter.

      The Letter Motion raises jurisdictional issues with a cause of action under New York State Executive Law. As drafted there are jurisdictional issues with certain claims based in New York State law. As the Executive Law cause of action overlaps in large part with potential Federal Anti-Discrimination causes of action we anticipate removing the Executive Law cause of action.

      The Letter Motion points out that an Intentional Infliction of Emotional Distress ("IIED") claim is time barred under New York Law. The First Amended Complaint may not contain a NYS IIED claim.

1

The final cause of action for Negligent Hiring and\or training is problematic as pled, and we anticipate revising this claim substantially if it were to be included in any Amended Complaint.

The Letter Motion states that claims are preemptively by the Montreal Convention, which governs certain aspects of liability in international travel. The Montreal Convention does not encompass discrimination claims and contains certain enumerated areas, primarily dealing with physical harm and damage to baggage and cargo. Additionally, these claims did not arise in embarking or disembarking, nor were they triggered by any "turbulence" in the air, and therefore they do not fall within the pre-emption of the Montreal Convention.

Article 29, "Basis of Claims," of the Montreal Convention does generally limit liability, however it does not limit claims. [i]  The Montreal Convention is one of enumerated areas of concern and includes bodily injury and death of passengers in addition to more mundane concerns about delays and cargo, The causes of action in this Complaint or the Amended Complaint do not include areas covered by the Montreal Convention, though it could possibly impose limits on compensation.

Respectfully Submitted,

Yoram Nachimovsky, Esq.
Yoram Nachimovsky PLLC
225 Broadway, Suite 2018
New York, NY 10007
(212) 267-1157
ynlaw@ynlawpllc.com

---

[i] In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

2